1   ANDRÉ BIROTTE JR.
    United States Attorney
2   ROBERT E. DUGDALE
    Assistant United States Attorney
3   Chief, Criminal Division
    STEVEN R. WELK
4   Assistant United States Attorney
    Chief, Asset Forfeiture Section
5   P. GREG PARHAM
    California Bar No. 140310
6   Assistant United States Attorney
    Asset Forfeiture Section
7        Federal Courthouse, 14th Floor
         312 North Spring Street
8        Los Angeles, California 90012
         Telephone:  (213) 894-6528
9        Facsimile:  (213) 894-7177
         E-mail: Greg.Parham@usdoj.gov
10
    Attorneys for Plaintiff
11  United States of America

12              UNITED STATES DISTRICT COURT

13          FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                   WESTERN DIVISION

15  UNITED STATES OF AMERICA,     )   CV11   01625  JHN  PJWx
                                  )
16           Plaintiff,           )
                                  )        VERIFIED
17           v.                   )   COMPLAINT FOR FORFEITURE
                                  )
18  $209,200.00 in U.S. Currency, )   [31 U.S.C. §§ 5317(c)(2) and
                                  )   5332(a) and (c)(1)]
19           Defendant.           )
                                  )   [C.B.P.]
20  _____)

21

22

23       The United States of America brings this claim against the

24  defendant $209,200.00 in U.S. currency ("defendant currency") and

25  alleges as follows:

                    JURISDICTION AND VENUE
26
         1.   This is a civil forfeiture action brought pursuant to 31
27
    U.S.C. §§ 5317(c)(2) and 5332(a) and (c)(1).
28

2.   This court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3.   Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

<u>PERSONS AND ENTITIES</u>

4.   The defendant is $209,200.00 in U.S. currency seized in Los Angeles, CA on April 8, 2008.

5.   The interests of Onnig Bedrossian (hereinafter "Mr. Bedrossian") and Diana Bedrossian (hereinafter "Ms. Bedrossian") may be adversely affected by these proceedings.

6.   Plaintiff alleges that the defendant currency was concealed and about to be transported or transferred out of the United States with the intent to evade the currency reporting requirements of 31 U.S.C. § 5316, rendering it subject to forfeiture pursuant to 31 U.S.C. §§ 5317(c)(2) and 5332(a) and (c)(1).

7.   The defendant currency was seized during the course of an investigation conducted by United States Customs and Border Protection (hereinafter "CBP"), and is currently in the custody of CBP, where it shall remain subject to this court's jurisdiction during the pendency of this action.

<u>EVIDENCE SUPPORTING FORFEITURE</u>

8.   On April 8, 2008, CBP officers assigned to the Los Angeles International Airport ("LAX") received information from Transportation Security Administration ("TSA") personnel that two travelers destined for Iran were in possession of $100,000.00 in U.S. currency.  An inquiry revealed that the travelers, identified as Mr. Bedrossian and Ms. Bedrossian, were scheduled to depart LAX

2

1  that evening on Virgin Airlines flight 24 to London Heathrow

2  Airport.

3      9.   CBP officers Victor Baltusis ("Baltusis") and Carlos

4  Herrera ("Herrera") went to the gate for Virgin Airlines flight 24,

5  identified themselves to Mr. Bedrossian and Ms. Bedrossian, and

6  conducted an interview with both Bedrossians near the jetway.

7      10.  Baltusis separately interviewed Mr. Bedrossian. Baltusis

8  explained to Mr. Bedrossian the currency reporting requirements

9  under Title 31. Specifically, Baltusis explained that travelers

10  departing the United States could carry any amount of currency they

11  wished and that transporting large sums of currency was not

12  illegal, but that travelers were required to disclose any currency

13  being carried that exceeded $10,000.00, including monies being

14  carried on behalf of others. When asked how much currency he was

15  carrying, Mr. Bedrossian stated $60,000.00. He also stated that

16  his wife, Ms. Bedrossian, was carrying $40,000.00. In total, Mr.

17  Bedrossian confirmed that he and his wife were carrying

18  $100,000.00, which was consistent with the tip provided by TSA

19  personnel. Mr. Bedrossian then completed a currency reporting form

20  (a FINCEN 105 form), indicating that he and his wife were carrying

21  $100,000.00.

22      11.  While Mr. Bedrossian was speaking with Baltusis, Herrera

23  was interviewing Ms. Bedrossian. Herrera explained to Ms.

24  Bedrossian the currency reporting requirements under Title 31.

25  Specifically, Herrera explained that travelers departing the United

26  States could carry any amount of currency they wished and that

27  transporting large sums of currency was not illegal, but that

28  travelers were required to disclose any currency being carried that

exceeded $10,000.00, including monies being carried on behalf of others. When asked how much currency she was carrying, Ms. Bedrossian reported carrying $100,000.00 between the two of them, claiming that she was carrying $40,000.00 and that her husband was carrying $60,000.00.

12. Baltusis then advised Mr. Bedrossian that he had to verify the amount of currency in his possession and asked to see the currency Mr. Bedrossian was carrying. Baltusis also explained that Herrera would need to verify the amount of currency being carried by Ms. Bedrossian. Mr. Bedrossian removed six packets of currency, totaling $60,000.00, that were contained in anti-static envelopes from the pockets of his cargo pants. When asked if he was carrying any additional currency, Mr. Bedrossian removed four additional bundles of money totaling $40,300.00. During a pat down search, Baltusis discovered an additional $77.00 on Mr. Bedrossian's person. In total, Mr. Bedrossian was in possession of $100,377.00.

13. Herrera verified the amount of currency possessed by Ms. Bedrossian, who removed four packets of currency that were also contained in anti-static envelopes from her pants pockets. Herrera counted the currency Ms. Bedrossian initially disclosed and determined that it totaled $40,000.00. Herrera then asked to examine Ms. Bedrossian's purse. Inside the purse, Herrera found a thick white envelope. Ms. Bedrossian claimed that the contents of the envelope did not belong to her, but belonged to her sister-in-law. Ms. Bedrossian was reminded of the advisement Herrera had provided earlier. The envelope contained additional currency, totaling $11,500.00. Two additional bundles of currency were

4

1   discovered in Ms. Bedrossian's wallet, totaling $7,685.00.   Ms.

2   Bedrossian then produced five additional bundles of currency that

3   she was carrying in her pants, totaling $49,365.00.   During a pat

4   down search by a female officer, it was determined that Ms.

5   Bedrossian was carrying an additional $35.00 on her person.   In

6   total, Ms. Bedrossian was in possession of $108,585.00.

7        14.  Ms. Bedrossian was interviewed by a special agent from

8   Immigration and Customs Enforcement ("ICE").   She stated that they

9   intended to visit her ill sister and other family members in Iran.

10  Ms. Bedrossian stated that $170,000.00 of the defendant currency

11  belonged to her, explaining that $145,000.00 was intended to repay

12  loans she incurred from family, who assisted her with medical

13  expenses after she had been in a car accident.   Ms. Bedrossian

14  added that $25,000.00 was intended for expenses while she visited

15  Iran.   She said that the remainder of the currency (about

16  $30,000.00) was being transported for friends.   When asked why she

17  did not accurately report the currency she possessed, Ms.

18  Bedrossian stated that she was nervous.

19       15.  Mr. Bedrossian was also interviewed by an ICE special

20  agent and stated that the currency was being transported to Iran to

21  re-pay loans from his wife's family, who had provided monetary

22  assistance for his wife after she had been in a car accident.   Of

23  the currency they jointly possessed, Mr. Bedrossian said that only

24  $80.00 belonged to him.   Mr. Bedrossian stated that approximately

25  two months prior to the intended trip, his wife gave him bundles of

26  cash that he placed in non-static wrapping obtained from his

27  workplace, where he was employed as a telecommunications manager.

28  Mr. Bedrossian stated that his cargo pants felt heavy after being

1   loaded with bundles of currency by his wife. When asked why he did
2   not accurately report the currency he possessed, Mr. Bedrossian
3   claimed that he did not know of the currency reporting requirements
4   when departing on an international flight.

5       16.  The total currency possessed by both Mr. Bedrossian and
6   Ms. Bedrossian was $209,662.00. The officers returned a total of
7   $462.00 to the Bedrossians for humanitarian purposes. The
8   remaining currency, $209,200.00, was seized (comprising the
9   defendant currency).

10      17.  A subsequent database query indicated that Mr. Bedrossian
11  and Ms. Bedrossian had crossed the U.S. international border at
12  least six times since 2004.

13                      FIRST CLAIM FOR RELIEF
14          (31 U.S.C. §§ 5317(c)(2) and 5332(a) and (c)(1))

15      18.  Based on the above, plaintiff alleges that the defendant
16  currency was concealed and about to be transported or transferred
17  out of the United States with the intent to evade the currency
18  reporting requirements of 31 U.S.C. § 5316, rendering it subject to
19  forfeiture pursuant to 31 U.S.C. §§ 5317(c)(2) and 5332(a) and
20  (c)(1).

21      WHEREFORE, the United States prays that due process issue to
22  enforce the forfeiture of the defendant currency, due notice be
23  given to all interested parties to appear and show cause why
24  forfeiture should be not be decreed, that this court decree
25  / / /
26  / / /
27  / / /
28  / / /

1  forfeiture of the defendant currency to the United States of

2  America for disposition according to law, and for such other and

3  further relief as this court may deem just and proper, together

4  with the costs and disbursements of this action.

5  DATED: February 23, 2011          ANDRÉ BIROTTE JR.
                                     United States Attorney
6                                    ROBERT E. DUGDALE
                                     Assistant United States Attorney
7                                    Chief, Criminal Division
                                     STEVEN R. WELK
8                                    Assistant United States Attorney
                                     Chief, Asset Forfeiture Section
9

10                                   _____
                                     P. GREG PARHAM
11                                   Assistant United States Attorney
                                     Asset Forfeiture Section
12
                                     Attorneys for Plaintiff
13                                   United States of America

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>VERIFICATION</u>

I, Victor Baltusis, hereby declare that:

1.    I am an officer with United States Customs and Border Protection and am the case agent for the forfeiture matter entitled <u>United States v. $209,200.00 in U.S. Currency</u>.

2.    I have read the above Verified Complaint for Forfeiture and know its contents.    It is based upon my own personal knowledge and reports provided to me by other agents.

3.    Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed February **22**, 2011 in Los Angeles, California.


Victor Baltusis

8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

**CV11- 1625 JHN (PJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>United States of America | DEFENDANTS<br>$209,200.00 In U.S. Currency |
|---|---|
| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>Los Angeles |
| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>P. Greg Parham, Assistant United States Attorney<br>1400 United States Courthouse, 312 North Spring Street<br>Los Angeles, California 90012<br>Telephone (213) 894-6528 | Attorneys (If Known)<br>COPY |

| II. BASIS OF JURISDICTION (Place an X in one box only.) | III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only |
|---|---|

II. BASIS OF JURISDICTION (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

V. REQUESTED IN COMPLAINT: JURY DEMAND: ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No  ☐ MONEY DEMANDED IN COMPLAINT: $ _____

VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
21 U.S.C. § 881 (a) (6)

VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☒ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

VIII(a). IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes

If yes, list case number(s):

FOR OFFICE USE ONLY:  Case Number: _____ CV11 01625

CV-71 (07/05)  CIVIL COVER SHEET  Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b).  RELATED CASES: Have any cases been previously filed that are related to the present case? ☑No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX.  VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☑ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Los Angeles

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
   Los Angeles

List the California County, or State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
   Los Angeles

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____R. Greg Parham_____     Date _____2/24/11_____

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not
filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions
sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |